Johnson, J.
delivered the opinion of the Court.
Connected with the decree of the Court of Equity, there is a circumstance, not noticed in the brief, but which forms a part of the. decree, and is consequently evidence in the case, which will-be necessary to the more perfect understanding of the matters in dispute. St is, that a credit was ordered to be indorsed on this bond, for the value of the land adjudged to belong to Mrs. Payne as her inheritance, at a pro rata valuation, and that William Payne the purchaser acquiesced in that decree.
The question then arises, and it seems to' me the only one growing out of the case, whether the surety to a bond, given as the price of a tract of land, can elect for his principal, whether he will avoid the whole contract on account of a partial failure of the consideration, or only claim a pro rata deduction ? I think not. If the contract be founded on a good and legal consideration, the relation of principal and surety does not confer on the latter any power over the will or judgment of the former. He may think that a safe bargain, which in the eyes of the surety might appear ruinous and improvident; and it would be a strange result,'that the seller should be bound with respect to the principal, aud that the security should be avoided, because the surety was able to show that the contract was unequal. If then the decree were not conclusive of the matter now in dispute ; yet the acquiescence of Payne in it is, at least, evidence of his election to hold the residue of the laud, upon the terms settled by it; and the defendant is bound by his acquiescence.
But again : on the death of Payne the title of the land, then being in him, vested in his heirs at law; and if his estate were solvent, they alone had the power to consent that it should be revested in the seller. If insolvent, then it became a matter of interest to his creditors, whether the contract should or should not be cancelled: so that in any possible view of the case this motion cannot prevail.
Motion refused.